UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY M. GORDON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-25-619-D |
| | ) |
| NATHAN FOUNTAIN, et al., | ) |
| | ) |
|     Defendants. | ) |

### ORDER REQUIRING SERVICE AND SPECIAL REPORT

Plaintiff, appearing pro se, filed a Complaint, Doc. 1, pursuant to 42 U.S.C. § 1983 and asserting violations of her civil rights while a detainee at the Oklahoma County Detention Center. After reviewing the Complaint, the Court finds an investigation and Special Report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims. Therefore, the Court enters the following orders.

**I.**    **Service**

    (1)    **Not later than October 13, 2025**, Plaintiff shall serve this Order, the Complaint, and a summons on each Defendant in accordance with Federal Rule of Civil Procedure 4.[1]

    (2)    Service shall be accomplished as follows:

        (a)    The Clerk of Court shall send Plaintiff the papers necessary for service.

---

[1] Service of process ordinarily must be done within 90 days from the date the Complaint was filed. However, due to the Court's obligation to screen the Complaint pursuant to 28 U.S.C. §§ 1915A and/or 1915(e)(2), the 90-day period begins on the date of this Order.

    (b)    **Not later than August 14, 2025**, Plaintiff shall complete the service papers for each Defendant and return them to the Clerk of Court to be processed and issued. *See* Fed. R. Civ. P. 4(a)(1)(F) and (G).

    (c)    To be clear, Plaintiff must provide to the Clerk of Court the following completed papers necessary for service

        i. One (1) Pro Se Litigant's Request for Issuance of Summons form;

        ii. Five (5) summons forms (one for each Defendant).

    (d)    After the Clerk of Court has processed the service papers, they will be returned to Plaintiff, who shall effect service as described in paragraph I.(1).

(3)    Unless service is waived, Plaintiff shall ensure that a proof of service of process is filed for each Defendant **within 14 days of service**. *See* Fed. R. Civ. P. 4(l); LCvR4.2. Failure to timely file proof of service as to each Defendant may result in the Court dismissing Plaintiff's claims against that Defendant. *See* Fed. R. Civ. P. 4(m).

## II.   Special Report

(1)    Officials responsible for the operation of the **Oklahoma County Detention Center, Oklahoma City, Oklahoma,** are directed to review the subject matter of the Complaint to:

    (a)    ascertain the facts and circumstances of the claims, including Plaintiff's attempts to exhaust administrative remedies;

    (b)    consider whether the institutions or appropriate officials should take any action to resolve Plaintiff's claims; and

    (c)    determine whether prior or current related complaints, whether pending in this Court or elsewhere, should be considered together with the present claims.

(2)    Following the review, the responsible officials shall compile their findings in a written Special Report. The Special Report shall restate in separate paragraphs the Complaint's allegations and set forth any pertinent information developed by the review. When appropriate, the Special Report shall include relevant institutional and medical records, as well as any relevant policies, procedures, rules, or regulations in effect during the time alleged in the Complaint.

(3)    The Special Report shall be filed **not later than 60 days from the date on which the first Defendant is served**. If a Defendant waives service of process, the date the Defendant sends the waiver of service form shall function as the service date. *See* Fed. R. Civ. P. 4(d)(4).

    (4)    If a Defendant has a reasonable belief that dismissal is warranted exclusively on the pleadings, the Court may, in its discretion, stay the filing of the Special Report upon motion of the Defendant requesting such relief.

### III. Additional Filings and Notices

    (1)    In accordance with 42 U.S.C. § 1997e(g)(2), the Court orders each Defendant to file an answer or a dispositive motion **not later than 60 days from the date the Defendant is served**.

    (2)    If Plaintiff responds to a motion to dismiss and/or other dispositive motion, she shall do so **not later than 30 days from the date the Defendant filed the motion**.  *See* LCvR7.1(g).  If Plaintiff fails to timely respond to the motion, the Court may deem the motion confessed.

    (3)    The Court notifies the parties that if a Defendant files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and relies on affidavits and/or documents not attached to or incorporated by reference in the Complaint, the Court will likely convert the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d), 56.

        (a)    Should this occur, Plaintiff is notified of her responsibility to respond to the motion and present to the Court all relevant evidence or materials.[2]

        (b)    If appropriate, a Defendant may seek leave from the Court to file an initial motion based solely upon the affirmative defense of failure to exhaust administrative remedies and to have the Special Report (or the parties' initial discovery, if any) limited to this issue.  If such an initial motion is construed as one for summary judgment, and disposition is not dispositive of the entire case, the Court may grant leave for the Defendant to file a second motion for summary judgment.  *See* LCvR56.1(a).

    (4)    The parties shall not serve any discovery, and the Court will not consider any applications, motions, or discovery requests relating to the Complaint's merits until the Special Report has been filed, except as the Court may otherwise order.

---

[2] Plaintiff must respond with counter-affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to be litigated at trial.  *See* Fed. R. Civ. P. 56(c); LCvR56.1.  If Plaintiff does not do so, the Court may declare that the facts in the Defendant's affidavits and/or documents are established as true and there is no genuine issue of material fact in dispute.  In that event, if the applicable law allows, the Defendant who filed the motion will be entitled to have the motion granted and judgment entered in their favor.

## IV. Conclusion

The Court directs the Clerk of Court to mail to Plaintiff this Order, all necessary forms for requesting issuance of service, and the Court's local rules. The Court further directs the Clerk of Court to mail this Order to the institution identified in paragraph II.(1).

**IT IS SO ORDERED** this 15th day of July, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE