IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY M. GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-619-D |
| ) | |
| NATHAN FOUNTAIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff Brittany Gordon brought this civil rights action under 42 U.S.C. § 1983, alleging violations of her constitutional rights [Doc. No. 1]. Plaintiff named as Defendants: Nathan Fountain, individually and in his official capacity as an Edmond Policy Officer; City of Edmond; Board of Trustees for the Oklahoma County Criminal Justice Authority ("OCCJA"); Board of County Commissioners of Oklahoma County, Oklahoma[1]; and Turn Key Health Clinics, LLC ("Turn Key"). On that same day, the matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 4].

On August 13, 2025, Defendant Nathan Fountain filed a Motion to Dismiss Plaintiff's intentional infliction of emotional distress and negligence claims against him [Doc. No. 10]. On that same day, Mr. Fountain also filed an Answer to Plaintiff's remaining claims against him [Doc. No. 9]. On August 21, 2025, Defendant OCCJA filed its Answer

---

[1] On September 10, 2025, Plaintiff dismissed without prejudice her claims against Defendant Board of County Commissioners of Oklahoma County [Doc. No. 31].

1

[Doc. No. 16], and Defendant Turn Key filed its Motion to Dismiss [Doc. No. 19]. On September 8, 2025, Defendant City of Edmond filed its Motion to Dismiss [Doc. No. 30]. On September 11, 2025, Plaintiff filed an Amended Complaint without obtaining the Court's prior authorization. [Doc. No. 32]. Plaintiff does not indicate whether she obtained Defendants' written consent to file the Amended Complaint.

"A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff's Amended Complaint is timely for amending without obtaining prior leave of court or written consent from Defendants as to Defendants City of Edmond, OCCJA, and Turn Key's responsive pleadings to Plaintiff's first complaint [Doc. Nos. 16, 19, & 30]. However, Plaintiff's Amended Complaint is not timely as to Defendant Nathan Fountain's responsive pleadings to Plaintiff's first complaint [Doc. Nos. 9 & 10].

**IT IS THEREFORE ORDERED** that Defendants' City of Edmond and Turn Key Health Clinics, LLC's Motions to Dismiss [Doc. Nos. 19 & 30] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff must seek leave from the Court to deem her Amended Complaint operative as to Defendant Nathan Fountain.

3

**IT IS SO ORDERED** this 15th day of September, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge