**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRITTANY M. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-619-D |
| | ) | |
| NATHAN FOUNTAIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court for review of the Report and Recommendation ("Report") [Doc. No. 60] issued by Magistrate Judge Chris M. Stephens pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The report recommends granting Defendant Officer Nathan Fountain's Second Partial Motion to Dismiss [Doc. No. 51] and dismissing Plaintiff's claims of intentional infliction of emotional distress and negligence against Officer Fountain. [Doc. No. 60]. Plaintiff timely objected. [Doc. No. 62]. Accordingly, the Court must make a *de novo* determination of those portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**BACKGROUND**

Plaintiff brought this civil rights action under 42 U.S.C. § 1983, alleging violations of her constitutional rights, and asserting state-law tort claims of negligence and intentional infliction of emotional distress against Officer Fountain. [Doc. No. 32]. In relevant part, Plaintiff alleges that "[a]t all times material herein, Defendant Fountain was acting under

color of state law and acted within the scope of his employment for the City of Edmond." [Doc. No. 32, at p. 2, ¶ 2]. Similarly, Plaintiff alleges that "Defendant Fountain was employed by the City of Edmond and was acting within the scope of his employment under color of state law at all material times herein." *Id*. at p. 11, ¶ 34.

Plaintiff's claims against Officer Fountain arise from when he was purportedly assisting with her intake at the Oklahoma County Detention Center ("OCDC") on June 20, 2024. *Id.* at p. 5-8. During her processing at OCDC, Plaintiff alleges that Officer Fountain pushed her while she was handcuffed causing her to fall and injure her leg. *Id.* at p. 6. Specifically, she asserts that she "immediately began screaming in pain and knew she had fractured or otherwise severely injured her left leg." *Id.* at p. 6. Further, Plaintiff alleges that Officer Fountain did not provide her with medical care, but ordered her to get up, told others in the room that she had fallen, and laughed at her. *Id.* Plaintiff asserts she was not provided with medical care when she was in custody, despite her request. *Id.* Plaintiff also alleges that when she was released, she sought medical care and was diagnosed with a fractured fibula, which required surgery to repair. *Id.* at p. 8.

Officer Fountain filed his motion for partial dismissal of Plaintiff's intentional infliction of emotional distress and negligence claims. [Doc. No. 51]. Officer Fountain argues that the claims should be dismissed because the Oklahoma Governmental Tort Claims Act ("OGTCA") relieves a government employee acting within the scope of their employment from individual liability for tortious conduct. *Id.*

In response, Plaintiff argues that her claims for negligence and intentional infliction of emotional distress are not barred by the OGTCA because they are asserted against

Officer Fountain in his individual capacity, as he was acting outside the scope of his employment. [Doc. No. 56]. Moreover, she also argues that the claims have been properly pleaded because she alleged sufficient facts regarding Officer Fountain's conduct that implicitly take him outside the scope of his employment. *Id.* at p. 6-10.

Judge Stephens recommends that the Court grant Officer Fountain's motion, because Plaintiff has failed to adequately plead her negligence and intentional infliction of emotional distress claims. [Doc. No. 60].

Plaintiff objects to Judge Stephens' determination that she has not sufficiently pleaded her negligence and intentional infliction of emotional distress claims against Officer Fountain. [Doc. No. 62].

## STANDARD OF DECISION

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Cassanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the

scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). A plaintiff represented by counsel is "not entitled to a liberal construction of his filings." *Butts v. Colorado*, No. 25-cv-00990-NYW-SBP, 2026 WL 878771, at *6 (D. Colo. Mar. 31, 2026). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**ANALYSIS**

The OGTCA provides "the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort." *Tuffy's Inc. v. City of Okla. City*, 2009 OK 4, ¶ 7, 212 P.3d 1158, 1163. "The [O]GTCA generally immunizes individual state employees from liability for torts committed 'within the scope of their employment.'" *Doe v. Oologah-Talala Indep. Sch. Dist.*, No. 21-CV-240-TCK-SH, 2022 WL 17406372, at *11 (N.D. Okla. Dec. 2, 2022) (quoting Okla. Stat. tit. 51, § 152.1(A)). "Scope of employment" is defined as "performance by an employee acting in good faith within the duties of the employee's office, or employment, or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud." Okla. Stat. tit.

51, § 152(13). "In no instance in any such action shall an employee of the state or of a political subdivision of the state acting within the scope of employment be named as defendant; provided, however, such person may be named as a defendant under alternative allegations that such person did not act within the scope of employment." Okla. Stat. tit. 51, § 153(C); *see also Salazar v. City of Okla. City*, No. CIV-16-458-M, 2016 WL 4150936, at *2 (W.D. Okla. Aug. 4, 2016) ("Thus, if [the defendant] was acting within the scope of his employment, he cannot be named as a defendant in plaintiff's negligence claim."); *Serpik-Family v. Webb*, No. CIV-25-02-R, 2025 WL 1726316, at *7 (W.D. Okla. June 20, 2025) (finding individual defendants sued for actions taken within the scope of their employment were "improperly named with respect to state law tort claims.")

**I. Negligence.**

Plaintiff failed to assert a claim against Officer Fountain for negligence based on conduct that occurred outside the scope of his employment. Rather, Plaintiff has only asserted her negligence claim against him regarding acts which purportedly occurred in the scope of his employment. Indeed, Plaintiff alleged multiple times in her Amended Complaint that "Defendant Fountain was employed by the City of Edmond and was acting within the scope of his employment under color of state law at all material times herein." [Doc. No. 32, at p. 11, ¶ 34]; *see also Id.* at p. 2, ¶ 2. Plaintiff never alleges in the Amended Complaint that Officer Fountain acted outside the scope of his employment.

Plaintiff contends that she pleaded the negligence claim in the alternative to Officer Fountain having acted within the scope of his employment. [Doc. No. 56, at p. 4-7]. However, the Court agrees with Judge Stephens' determination that Plaintiff "does not

clearly assert she is alternatively pleading that (1) Defendant acted within the scope of his employment (official capacity) and (2) he acted outside the scope (individual capacity)." [Doc. No. 60, at p. 6]. Indeed, in the Amended Complaint Plaintiff never alleges that any of her claims are "in the alternative." *See Abolaji v. Impact Sports Performance, LLC*, No. 23-cv-02453-GPG-STV, 2024 WL 6987373, at *3 (D. Colo. June 4, 2024) ("A plaintiff may not defeat a motion to dismiss by alluding to facts that have not been alleged, [or] by suggesting matters that were not pleaded . . . in the complaint."); *see also Butts*, 2026 WL 878771, at *6 (finding that the plaintiff could not "amend his Complaint to assert individual-capacity claims" against the defendant "through his response brief."). Rather, she seeks to require the Court and Officer Fountain to guess whether any of her claims are asserted to have occurred outside the scope of his employment. *Holmes v. City of Lafayette*, No. 23-cv-01946-SBP, 2023 WL 12130819, at *2 (D. Colo. Nov. 14, 2023) ("Neither the court nor defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support those claims.").

Accordingly, Plaintiff has failed to allege that the negligence claim against Officer Fountain occurred outside the scope of his employment. Plaintiff has only pleaded that the negligence claim against him occurred in the scope of his employment. Because Plaintiff has alleged the negligence claim against Officer Fountain as having occurred in the scope of his employment, it is barred pursuant to the OGTCA. *See Salazar*, No. CIV-16-458-M, 2016 WL 4150936, at *2 (W.D. Okla. Aug. 4, 2016) ("Thus, if [the defendant] was acting within the scope of his employment, he cannot be named as a defendant in plaintiff's

negligence claim."). Therefore, Plaintiff's negligence claim against Officer Fountain warrants dismissal.

**II. Intentional Infliction of Emotional Distress.**

Plaintiff has also only pleaded her intentional infliction of emotional distress claim against Officer Fountain as having occurred in the scope of his employment. *See* [Doc. No. 32, at p. 2, ¶ 2] ("At all times material herein, Defendant Fountain was acting under color of state law and acted within the scope of his employment for the City of Edmond."); *see also Id.* at p. 11, ¶ 34. Indeed, Plaintiff never alleges that Officer Fountain acted outside the scope of his employment in the Amended Complaint. Additionally, she does not assert that the intentional infliction of emotional distress claim is alleged in the alternative to Officer Fountain acting in the scope of his employment.

Plaintiff concedes that under the OGTCA an intentional infliction of emotional distress claim could not have occurred in the scope of a defendant's employment. [Doc. No. 62, at p. 7]. As Judge Stephens explained, and this Court agrees, "[b]y its very nature, a claim for [intentional infliction of emotional distress] cannot be brought against Defendant if he was acting within the scope of his authority because 'there is no way to prove a claim for [intentional infliction of emotional distress] if the defendant has acted in good faith.'" [Doc. No. 60, at p. 7] (quoting *McMullen v. City of Del City*, 1996 OK CIV APP 56, 920 P.2d 528, 531); *see also Erikson v. Oklahoma*, No. CIV-16-657-R, 2017 WL 3319317, at *2 (W.D. Okla. Jan. 4, 2017) (finding plaintiff's intentional infliction of emotional distress claim failed as a matter of law under the OGTCA because it "necessarily

excludes good faith conduct on the part of a political subdivision or its employees"), *aff'd*, 690 F. App'x 620 (10th Cir. 2017) (unpublished).

However, Plaintiff argues that it would be unjust for the Court to dismiss her claim that Officer Fountain intentionally inflicted emotional distress when he was acting in the scope of his employment, because she dismissed the City of Edmond, and thus, purportedly has no remedy.

Plaintiff provides no legal authority, and the Court is not aware of any, that eliminates the immunity afforded to employees that are acting in the scope of their employment under the OGTCA when the plaintiff does not have a remedy against the employer. Rather, as noted *supra.*, the OGTCA provides that "[i]n no instance in any such action shall an employee of the state or of a political subdivision of the state acting within the scope of employment be named as defendant …." Okla. Stat tit. 51, § 51, § 153(C). Accordingly, Plaintiff's intentional infliction of emotional distress claim against Officer Fountain warrants dismissal.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 60] is **ADOPTED** in part.[1] Accordingly, Defendant Officer Fountain's Partial Motion to Dismiss [Doc. No. 51] is **GRANTED**. Plaintiff Brittany M. Gordon's negligence and

[1] Because Plaintiff only pleaded the claims of negligence and intentional infliction of emotional distress against Defendant Officer Fountain as occurring in the scope of his employment, the Court does not and need not determine whether the unasserted claims that Defendant Officer Fountain acted outside the scope of his employment warrant dismissal.

intentional infliction of emotional distress claims against Defendant Officer Fountain are **DISMISSED WITHOUT PREJUDICE.**[2]

**IT IS SO ORDERED** this 21st day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[2] Plaintiff's request for leave to amend her Complaint in her response to Defendant's motion to dismiss is improper and does not comply with Fed. R. Civ. P. 15(a) or LCvR 15.1. A district court may properly require a plaintiff to file a motion that complies with Fed. R. Civ. P. 15(a) and LCvR 15.1 before considering whether to allow an amendment. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021).